UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Robert Swint, | ) | CASE NO. 5:23 CV 1556 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Fultano's Pizza, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Robert Swint, identifying his legal residence as Clatskanie, Oregon, has filed an *in forma pauperis* complaint in this case against Fultano's Pizza, Napa Auto Parts, and the City of Clatskanie. (Doc. No. 1.)

His complaint is incomprehensible. It sets forth neither cogent factual allegations nor legal claims against any of the defendants.

*Pro se* pleadings generally are entitled to liberal construction and are held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), but the lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or construct claims for them. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

A federal district court may, at any time, *sua sponte* dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In other words, a district court may *sua sponte* dismiss a complaint under Rule 12(b)(1) where it lacks "the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. A plaintiff has the burden of proving subject matter jurisdiction in order to survive dismissal pursuant to Rule 12(b)(1). *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996).

The Court finds that plaintiff's complaint warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*. Plaintiff's pleading fails to meet basic pleading requirements and is so incomprehensible, implausible, frivolous, and devoid of merit that it fails to provide a basis to establish this Court's subject matter jurisdiction over any federal claim against any defendant in the case. To the extent plaintiff's pleading can be deciphered, it characterizes "fantastic or delusional scenarios." *See Abner v. SBC (Ameritech)*, 86 Fed. Appx. 958, 958 (6th Cir. 2004) (a *pro se* complaint is properly dismissed as frivolous "if it is based on legal theories that are indisputably meritless" or describes "fantastic or delusional scenarios").

The Court notes that plaintiff is a well known frequent frivolous filer in this and other federal judicial districts. *See, e. g., Swint v. Department of Justice*, No. 21-3157-SAC, 2021 WL 2822543, at *2 (D. Kan. July 7, 2021) (citing various *pro se* cases filed by plaintiff in courts across the country that have been dismissed). Plaintiff is now warned that any further frivolous litigation that he files in this district may result in sanctions, including pre-filing restrictions and/or an order barring him from filing future actions *in forma pauperis*.

**Conclusion**

Accordingly, plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is dismissed for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: 9/7/2023            */s/ John R. Adams*
                          JOHN R. ADAMS
                          UNITED STATES DISTRICT JUDGE